issued," 16 for the account of plaintiffs and 5 for the account of one Gaston, and that on the following 11th of July, in pursuance of such purchase, the firm paid for and received bonds of a certain number and credited the account of plaintiffs with 16 bonds without number, and on the 9th of August, 1899, bought for the account of defendant Allen 20 bonds, and on the same day received bonds of a certain number and credited the account of defendant Allen with 20 bonds without number, all of which numbered bonds were subsequently sold by the firm to third parties, nullifies even our construction of the findings of the referee. We think not. This course was in accordance with the custom of the firm in dealing with its large number of customers with respect to these bonds, and is not inconsistent with a recognition of common ownership. The disposition of the 5 bonds purchased by Gaston illustrates this. On the 12th of July the firm delivered to him his five bonds, but none of them were of the numbers bargained for on the 21st of April and delivered to the firm on the 11th of July. Marquand & Co. had the right to transfer a common ownership in the mass of bonds purchased by them to their several customers, and to treat them as such owners; and, if they in fact did so, they would be bound thereby. Their assignee for the benefit of creditors has no greater rights than they themselves would have had in case no assignment had been made. Their general creditors have no claim on any bonds actually belonging to customers, or in any proceeds realized from their sale. Welch v. Polley, 177 N. Y. 117, 69 N. E. 279.

The judgment should be affirmed, with costs payable out of the general fund in the hands of the assignee. All concur.

(109 App. Div. 491)

TALCOTT v. WABASH R. CO.

(Supreme Court, Appellate Division, First Department. December 8, 1905.)

CARRIERS—CONNECTING LINES—CONTRACT AS TO EXCESS BAGGAGE.
 Plaintiff purchased of defendant a passenger ticket to N. Y., over its line, and thence over the lines of the G. T. and the W. S. Railroads. He had excess baggage, and paid the charges therefor, and received checks for his trunks, one of them marked "Foreign excess baggage duplicate check," and "Route, G. T. W. S." *Held*, that the court was authorized to find that defendant did not contract to carry the excess baggage to N. Y., but only to the end of its line, and there deliver it to the connecting carrier.

 O'Brien, P. J., and Houghton, J., dissenting.

Appeal from Trial Term, New York County.

Action by James Talcott against the Wabash Railroad Company. From a judgment for defendant after trial without a jury, plaintiff appeals. Affirmed.

See 80 N. Y. Supp. 150; 90 N. Y. Supp. 1037.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Thomas H. Rothwell, for appellant.

C. V. Nellany, for respondent.

INGRAHAM, J. The complaint alleges four causes of action. Upon the former trial, which was had before a referee, the plaintiff

suffered a nonsuit as to the third and fourth causes of action. The referee granted a nonsuit as to the first cause of action upon the testimony, and dismissed the complaint upon the merits on the second cause of action. Upon appeal to the General Term of the Supreme Court the judgment entered upon the report of the referee was affirmed (89 Hun, 462, 35 N. Y. Supp. 574) ; but upon appeal to the Court of Appeals the judgment dismissing the first cause of action was reversed, and a new trial ordered, and the judgment dismissing the complaint on the merits on the second cause of action (159 N. Y. 461, 54 N. E. 1). A new trial was had before the court at Trial Term; a jury having been waived. The case was tried upon the testimony then before the referee upon the former trial, and the court made a decision finding the facts and directing judgment dismissing the complaint upon the merits; and from the judgment entered thereon the plaintiff appeals.

The testimony being the same as upon the former trial, it is quite fully stated in the report of the case in the Court of Appeals. It was held that the fundamental question was whether the contract made between the plaintiff through its agent with the defendant was for a through transportation of the passenger and his baggage by the defendant from Chicago to New York and return, or whether the contract was for the transportation of plaintiff from Chicago to Detroit, by the defendant; the defendant acting as agent of the various connecting lines for transportation over their respective roads from Detroit to New York. In the Court of Appeals Judge Vann delivered an opinion, which was concurred in by Judges Bartlett and Martin. Judge Gray wrote a dissenting opinion for affirmance, which was concurred in by Judge O'Brien; Parker, C. J., taking no part in the decision. Judge Haight concurred in the result of Judge Vann's opinion, which reversed the judgment as to the first cause of action, stating:

"If the referee had found the facts upon the first cause of action the same as he did with reference to the second, there would have been no trouble with this case. Instead of doing that, he improperly granted a nonsuit.  * * * For this reason I concur for reversal as to the first cause of action and for affirmance as to the second cause of action, but do not agree with Vann, J., with reference to the other matters discussed in his opinion."

The result in the Court of Appeals, therefore, seems to be that there were three judges who held that the referee was "authorized to find as a fact that the company agreed, aside from the contract to transport the passenger, for a new and independent consideration to transport the trunks containing merchandise to the city of New York, and, as a conclusion of law, that the plaintiff, as an undisclosed principal, could enforce the agreement." Judge Haight concurred in this result upon the ground that the referee had made no finding upon this question, and two judges were of the opinion that there was no evidence to justify a finding that there was any contract to transport this baggage from Chicago to New York. It would seem that it was the opinion of the majority of the Court of Appeals that the plaintiff's agent had made two contracts—one for the transportation of himself and his personal baggage, not to exceed 150 pounds, and the other for the transportation of merchandise.

Upon this trial, which was upon the same evidence, the learned trial court found as a fact that the defendant was not a common carrier of

passengers and their baggage between the city of Chicago and the city of New York; that the defendant did not, on or about the 27th of April, 1889, agree to carry said Cullom and his personal baggage from Chicago to New York City; that the defendant did not agree to carry the property of the plaintiff mentioned in the first cause of action from the city of Chicago to the city of New York; and, further, that the defendant only agreed to carry the property in these four trunks safely between Chicago and Detroit, and to deliver them safely to its connecting carrier at said point, the Grand Trunk Railway Company of Canada; and, as a conclusion of law, that the plaintiff had failed to establish any cause of action against the defendant, and dismissed the complaint upon the merits. A re-examination of the testimony in the light of the discussion in this court and in the Court of Appeals has satisfied me that this question was one of fact to be determined by the trial court, and his finding upon that question is conclusive. The opinion of the court is taken up with the discussion of another question upon which I would not be disposed to agree with the learned trial judge; but he has found the fundamental fact upon which the right to recover must rest against the plaintiff, and I am not prepared to say that that finding was so against the weight of evidence that we are justified in reversing it.

Assuming that the contract for the transportation of this baggage was a separate contract, the question is whether there was a specific agreement to carry the merchandise in this baggage through from Chicago to New York, or whether the contract was to carry it over the line of the defendant's road and deliver it safely to the connecting road, to be by it carried to its destination. These trunks were undoubtedly delivered to the baggage agent to be checked as baggage; the plaintiff's agent at the same time producing his ticket, which had been sold by the defendant, and which was a passenger ticket to New York. There was no express agreement that the merchandise contained in these trunks should be treated in any other or different way than personal baggage of the plaintiff's agent which he was entitled to have carried free. The baggage agent was informed that there was merchandise in the trunks, and he accepted those trunks with such information, and charged for the excess of weight over that allowed to each passenger to be carried free, and at the same time delivered to the passenger checks for the several trunks, one of which was called a duplicate check, and was for "foreign excess baggage." The excess weight was stated at 570 pounds, and the amount to be paid $16. There was stamped upon this check the words, "G. T. W. S." which was proved to mean the Grand Trunk Railroad and the West Shore Railroad, two roads over which the passenger was to be transported as a part of his trip to New York. It seems to me that the most favorable aspect of this case for the plaintiff was that a question of fact was presented which required a determination; but certainly the inference to be drawn from the transaction between the passenger and the baggage master did not require the court to find as a fact that there was such an independent contract.

It follows that the judgment appealed from must be affirmed, with costs.

PATTERSON and CLARKE, JJ., concur. O'BRIEN, P. J., and HOUGHTON, J., dissent.